UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GUILLORY,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____ / | No. C 09-1381 SI (pr)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

    Martin Guillory, a prisoner at the Correctional Training Facility in Soledad, California, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Guillory states in his petition that he is serving a sentence of sixteen years to life after being convicted in Stanislaus County Superior Court for second degree murder. His petition does not challenge that conviction but instead challenges a March 19, 2008 decision by the Board of Parole Hearings ("BPH") finding him unsuitable for parole. Guillory alleges that the BPH's decision violated his federal right to due process because it was not supported by sufficient reliable evidence and because BPH relied on the unchanging factors of the commitment offense to deny him a parole date.

    The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to

1 California's receives adequate process when BPH allows him an opportunity to be heard and
2 provides him with a statement of the reasons why parole was denied. <u>Swarthout v. Cooke</u>, No.
3 10-333, slip op. at 4–5 (U.S. Jan. 24, 2011) (per curiam). Here, the record shows Petitioner
4 received at least this amount of process. <u>See</u> Doc. #1-3 at 13–15 & 97–110. The Constitution
5 does not require more. <u>Swarthout</u>, slip op. at 5.

6 The Court also made clear that whether BPH's decision was supported by some evidence
7 of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether
8 California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution
9 demands) was correctly applied." <u>Swarthout v. Cooke</u>, slip op. at 6. Accordingly, the instant
10 federal Petition for a Writ of Habeas corpus is **DENIED**.

11 Further, a Certificate of Appealability is **DENIED**. <u>See</u> Rule 11(a) of the Rules
12 Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of
13 a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that
14 "reasonable jurists would find the district court's assessment of the constitutional claims
15 debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner may not appeal
16 the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court
17 of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a) of the
18 Rules Governing Section 2254 Cases.

19 The clerk shall terminate any pending motions as moot, enter judgment in favor of
20 Respondent and close the file.

21 IT IS SO ORDERED.
22 DATED: February 4, 2011

                                              SUSAN ILLSTON
23                                               United States District Judge